## Hoffman v. Gearhart

*John M. Yarema* and *Martin H. Philip,* for plaintiff.
*William G. Ross,* for defendant.

MARSH, J., June 28, 1974.—The matter is before the court on a rule to show cause why plaintiff should not authorize broad and complete disclosure by any doctors or hospitals as to his physical condition prior to the date of the accident upon which the cause of action is based, i. e., November 13, 1971.

Plaintiff adopts defendant's history of the case stated in defendant's brief and the pertinent parts are set forth as follows:

On October 24, 1972, the within plaintiff filed a complaint in trespass alleging that, as a result of defendant's conduct, plaintiff received certain enumerated injuries. Plaintiff's complaint alleged, inter alia:

"9. Due to the negligent, wanton and reckless conduct of the Defendant, the Plaintiff was caused to suffer a cerebral contusion with a brain stem contusion, traumatic myocarditis with transient ischemia, fractured ribs (left side), fractured ribs (right side), fracture of the transverse process (L1 through L5), separation of the sacroiliac joint on the right, separation of the symphysis pubis, contusions of the right kidney and the left kidney and other injuries to his vital organs, muscles, bones, cells and nervous system.

". . .

"11. By reason of the aforesaid injuries, the Plaintiff has suffered a loss of earning power."

Both parties agree that there is a right in defendant to know the prior medical history, but deviate in their opinions as to what extent. Defendant has requested that plaintiff sign the blank check type of authorization which plaintiff has refused to do.

In accordance with briefs of both counsel, the matter resolves itself to a question as to what extent the inquiry should be allowed. It would appear to the court that the extent allowed of the release of prior medical history should be controlled by the claim of plaintiff in his complaint. The breadth of the claim in the complaint would determine the breadth and depth of the investigation of medical history. It would also appear that the authorization for medical and hospital information should be directed to a specific member of the bar who is representing the party and recommends that the following form be used:

"You are authorized to furnish to William G. Ross, Esquire, Attorney for Paul G. Gearhart, any and all information which you may have with regard to the following areas of injury: a cerebral contusion with a brain stem contusion, traumatic myocarditis with transient ischemia, fractured ribs (left side), fractured ribs (right side), fracture of the transverse process (L1 through L5), separation of the sacroiliac joint on the right, separation of the symphysis pubis, contusions of the right kidney and the left kidney or to his vital organs, muscles, bones, cells and nervous system, or which may contribute to Richard H. Hoffman suffering a loss of earning power. This direction is limited to medical criteria occurring prior to November 13, 1971 and which in any way may have an affect on the physical condition of Richard H. Hoffman in relation to the aforesaid injuries, and includes all information, observation, history, treatment or diagnosis."

Plaintiff can control the breadth of this type of examination by alleging his damages in a concise and accurate form. If he elects to "cover the waterfront" in his claim for relief, he must be prepared to reveal on a broad basis.

## ORDER

And now, June 28, 1974, upon consideration of the rule to show cause why plaintiff should not sign medical authorization, the rule is discharged to the extent that it is in conflict with this order. Plaintiff is given 10 days to amend his complaint to limit his claim for injuries and thereby limit the authorization for divulging of medical history, if the said plaintiff so desires.